**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE VIRTU FINANCIAL, INC. DERIVATIVE LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Lead Case No.: 1:25-cv-01688-NGG-CHK |

**STIPULATION AND ~~[PROPOSED]~~ ORDER REGARDING STAY OF PROCEEDINGS**

Lead Plaintiff Robert L. Deisz ("Lead Plaintiff") and Additional Plaintiff Theodore Adams (together with Lead Plaintiff, "Plaintiffs"), individual defendants Michael T. Viola, Douglas A. Cifu, Vincent Viola, William F. Cruger, Jr., Virginia Gambale, Joseph J. Grano, Joanne M. Minieri, John D. Nixon, Christopher C. Quick, David Urban, Joseph Molluso, Sean Galvin, John Philip Abizaid, Robert Greifeld, and Glenn Hutchins (the "Individual Defendants"), along with nominal defendant Virtu Financial, Inc. ("Virtu" or the "Company", and together with the Individual Defendants, the "Defendants") (collectively the "Parties"), by and through their undersigned counsel, hereby stipulate and agree as follows:

WHEREAS, an earlier-filed and factually related securities class action, captioned *In re Virtu Financial, Inc. Securities Litigation*, No. 1:23-cv-03770-NGG-CHK (the "Securities Class Action"), is pending in this Court, asserting federal securities claims against Virtu and Individual Defendants Douglas Cifu, Sean Galvin, and Joseph Molluso; and the parties are currently engaged in fact discovery, which is currently scheduled to close on April 24, 2026;

WHEREAS, based upon the overlapping parties and factual allegations contained in the Securities Class Action and this action (the "Consolidated Derivative Action"), and to avoid the unnecessary expenditure of judicial resources, the Parties have agreed, subject to this Court's

approval, that all proceedings and deadlines in this Consolidated Derivative Action should be stayed until the date that fact discovery closes in the Securities Class Action; and

WHEREFORE, the Parties, through their undersigned counsel, hereby agree, stipulate, and respectfully request that the Court enter an order as follows:

1. All proceedings, including any obligation to respond to the consolidated complaint, in this Consolidated Derivative Action are hereby stayed until the date on which fact discovery closes in the Securities Class Action (the "Stay"). Upon the lifting of the Stay, the Parties will confer in good faith about future proceedings in this Consolidated Derivative Action and submit a status report to the Court within 14 days of the Stay's expiration.

2. Notwithstanding the foregoing Paragraph 1, the Stay may be earlier lifted: (i) jointly at any time by the Parties with the filing of a written stipulation with the Court agreeing to lift the Stay; (ii) by either Lead Plaintiff or Defendants, after ten (10) days' written notice via email to all counsel.

3. As of the filing of this Stipulation, the Parties are aware of no pending derivative action which is related in substance or claim to Consolidated Derivative Action (a "Related Derivative Action"). During the pendency of the Stay, Defendants shall promptly notify Plaintiffs should they become aware of any lawsuit filed which they consider to be a Related Derivative Action. In the event a Related Derivative Action is filed and subsequently stayed by agreement or otherwise, such agreement and/or stay will have no impact on the rights of Plaintiffs in the Consolidated Derivative Action.

4. During the pendency of the Stay, in the event the parties to the Securities Class Action make efforts to resolve the claims asserted therein through mediation or formal discussions, Defendants shall either (i) invite Plaintiffs to participate in those mediation or

formal settlement talks with the lead plaintiff in the Securities Class Action, or (ii) separately mediate with Plaintiffs at the same time as any mediation or formal settlement talks take place with the lead plaintiff in the Securities Class Action. Plaintiffs' ability to attend and participate in any mediation or formal settlement talks involving the lead plaintiff in the Securities Class Action is contingent on their prior agreement to be bound by any confidentiality agreement or stipulation governing such mediation or formal settlement talks. In advance of any mediation, the Parties agree to confer in good faith concerning any relevant documents or mediation-related presentations, which they believe may aid mediation efforts, and exchange documents at least thirty (30) days before the scheduled date of opening mediation statements.

5. During the pendency of the Stay, in the event the parties to a Related Derivative Action make efforts to resolve the claims asserted therein through mediation or formal discussions, Defendants shall invite and arrange for Plaintiffs to participate in any mediation or formal settlement talks with any plaintiff(s) in any Related Derivative Action. Plaintiffs' ability to attend and participate in any mediation or formal settlement talks is contingent on their prior agreement to be bound by any confidentiality agreement or stipulation governing such mediation or formal settlement talks. In advance of any such mediation, the Parties agree to confer in good faith concerning any relevant documents or mediation-related presentations, which they believe may aid mediation efforts, and exchange documents at least 30 days before the scheduled date of opening mediation statements.

6. During the pendency of the Stay, and subject to the terms of the existing confidentiality agreement between Virtu and Lead Plaintiff, Virtu shall produce to Lead Plaintiff copies of any books and records that Virtu has produced, or plans to produce, to any Virtu stockholder who made or makes a pre-suit inspection demand regarding the same or similar

claims as Plaintiffs made in this Consolidated Derivative Action, to the extent those books and records have not previously been produced to Lead Plaintiff.

7. By entering into this Stipulation, the Parties reserve all of their respective rights, claims, and defenses in this Consolidated Derivative Action, and no part of this Stipulation shall be construed as a waiver of any available rights, claims or defenses.

8. All hearings, conferences, and deadlines currently scheduled shall be postponed until the date and time that will be specified in any proposed scheduling order to be submitted by the Parties after the Stay is lifted.

[*Remainder of Page Intentionally Left Blank*]

Dated: October 15, 2025

HACH ROSE SCHIRRIPA
& CHEVERIE LLP

By: */s/ Daniel B. Rehns*
Daniel B. Rehns
Scott R. Jacobsen
John W. Baylet
112 Madison Avenue 10th Floor
New York, New York 10016
Tel: (646) 992-8123
drehns@hrsclaw.com
sjacobsen@hrsclaw.com
jbaylet@hrsclaw.com

*Co-Lead Counsel for Plaintiffs and Counsel for Lead Plaintiff Robert L. Deisz*

LEVI & KORSINSKY LLP

By: */s/ Gregory M. Nespole*
Gregory M. Nespole
Daniel Tepper
Correy A. Suk
33 Whitehall Street, 27th Floor
New York, New York 10004
Tel: (212) 363-7500
gnespole@zlk.com
dtepper@zlk.com
csuk@zlk.com

*Co-Lead Counsel for Plaintiffs and Counsel for Lead Plaintiff Robert L. Deisz*

GLANCY PRONGAY & MURRAY LLP

By: */s/ Benjamin I. Sachs-Michaels*
Benjamin I. Sachs-Michaels
Matthew M. Houston
745 Fifth Avenue, Fifth Floor
New York, New York 10151
Tel: (212) 935-7400
Fax: (212) 756-3630
bsachsmichaels@glancylaw.com
mhouston@glancylaw.com

SHUMAN, GLENN & STECKER
Brett D. Stecker
326 W. Lancaster Avenue
Ardmore, Pennsylvania 19003
Tel: (303) 861-3003
brett@shumanlawfirm.com

*Counsel for Additional Plaintiff Theodore Adams*

OF COUNSEL:

Matthew D. Stachel (*pro hac vice*)
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
1313 North Market Street, Suite 806
Phone: (302) 655-4410
Fax: (302) 655-4420
mstachel@paulweiss.com

PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP

By: *___/s/ Audra J. Soloway___*
Audra J. Soloway
Andrew G. Gordon
1285 Avenue of the Americas
New York, NY 10019-6064
Phone: (212) 373-3000
Fax: (212) 757-3990
asoloway@paulweiss.com
agordon@paulweiss.com

*Attorneys for the Individual Defendants and Nominal Defendant*

SO ORDERED

DATED: Oct. 15, 2025

s/Nicholas G. Garaufis
HONORABLE NICHOLAS G. GARAUFIS
UNITED STATES DISTRICT JUDGE